IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 11-CV-0918-MJR |
| MISTY NEW, | ) |
| JACK ASHBY, | ) |
| JEANETTE COWAN, and | ) |
| SARAH JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Maurice Jackson, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff contends that he was charged and disciplined unjustly, resulting in the loss of good conduct credit and placement in segregation, where his conditions of confinement were substandard. *See* Doc. 1.

The Court is required by § 1915A to review the complaint to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "Threadbare recitals

1

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *citing Bell Atlantic,* 550 U.S. at 555–556. However, *pro se* pleadings are liberally construed when applying this standard. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009).

After reviewing the complaint and supporting documentation, the Court finds that certain claims are subject to dismissal.

### The Complaint

Defendant Correctional Officer Misty New issued Plaintiff a disciplinary ticket for sexual misconduct and insolence. Defendant Lt. Jack Ashby, chairperson of the Hearing Committee, refused to call Internal Affairs to testify or produce the letter that formed the basis of the sexual misconduct charge. Plaintiff was found guilty of the offenses and was punished with nine months in segregation, a demotion to C Grade, commissary restrictions and a loss of one month of good conduct credit. His grievance regarding the ticket and conviction was denied by Defendant Jeanette Cowan, the grievance supervisor. The Illinois Department of Corrections' Administrative Review Board, of which Defendant Sarah Johnson is a member, affirmed the conviction.

In segregation, Plaintiff Jackson has suffered from food contamination, been denied outside recreation, denied showers, was subject to insults and taunts, and was denied his anti-hypertension medication.

Plaintiff prays for compensatory and punitive damages.

### Fourteenth Amendment Claims

Relative to the issuance of the disciplinary ticket and subsequent administrative process—from hearing through administrative appeal—Plaintiff Jackson is clearly claiming that he was denied due process, in violation of the Fourteenth Amendment.

In the context of prison disciplinary proceedings, procedural due process under the Fourteenth Amendment is satisfied by advance written notice of the charges, a hearing by an impartial panel, an opportunity to present evidence and/or call witnesses (when consistent with institutional safety), and a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 558, 564, 566, 570-571 (1974); *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454(1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

However, to establish a due process claim under § 1983, a plaintiff must first establish that he was deprived of a constitutionally protected interest in life, liberty or property. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Plaintiff's claimed loss of good conduct credit and the conditions of his confinement in segregation may provide the required liberty interest. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002) (loss of good time is a protected liberty interest); and *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (disciplinary confinement may implicate a liberty interest).[1]

*Edwards v. Balisok,* 520 U.S. 641, 648 (1997), holds that claims which "necessarily imply the invalidity of the deprivation of ... [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). "[T]he *Heck* requirement is an essential element of a § 1983 claim; indeed, the [§ 1983] claim does not arise until the requirement is met." *Dixon v. Chrans,* 101 F.3d 1228, 1230 (7th Cir. 1996), citing *Rooding v. Peters,* 92 F.3d 578 (7th Cir. 1996). The complaint does not indicate that Plaintiff has satisfied *Heck*.

---

[1] Because Plaintiff has not presented a claim that the disciplinary charge was false, the Court will not consider that as implicating a liberty interest. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-1141 (7th Cir. 1984) (a false disciplinary ticket only implicates a liberty interest in the absence of procedural due process).

The Supreme Court has recognized a liberty interest protected by the Due Process Clause, where prison discipline imposes an "atypical, significant deprivation" on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 486 (1995). However the Supreme Court rejected the notion that "*any* state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Id.* at 484 (emphasis added). Both the duration *and* the conditions of the segregation must be considered in the due process analysis—a sort of sliding scale. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009); *Wilkinson v. Austin,* 545 U.S. 209, 221–223 (2005); *Sandin v. Conner,* 515 U.S. 472 (1995). In *Younger v. Hulick*, 2012 WL 1633032, at *3 (7th Cir. May 10, 2012), the Court of Appeals for the Seventh Circuit recently held that a segregation term of 90 days fell just beyond those terms that do not require inquiry into conditions. The length of time in segregation, combined with the conditions described by Plaintiff, sufficiently plead a liberty interest to allow the threshold review to continue.

### Defendant Misty New

The complaint alleges only that Defendant Correctional Officer Misty New issued Plaintiff a disciplinary report, and subsequently issued a revised report. (Doc. 1, p. 2 ¶ 1, p. 3 ¶3). The mere issuance of a disciplinary report does not violate the constitution. Insofar as documentation attached to the complaint indicates that Plaintiff considers the ticket false, it is not the Court's role to fashion claims for a plaintiff. Therefore, Defendant New shall be dismissed without prejudice.

### Defendant Jack Ashby

According to the complaint, Plaintiff Jackson requested that Internal Affairs produce the letter that supported issuance of the disciplinary ticket, but Defendant Ashby, the hearing committee chairperson, "wouldn't do it," resulting in conviction and punishment. (Doc. 1, p. 3 ¶¶ 5-6, p. 4 ¶7). Under *Wolff*, due process requires an ability to present evidence to the decisionmaker (418 U.S. at 558); therefore, the Fourteenth Amendment due process claim against Defendant Ashby shall proceed.

### Defendant Jeanette Cowan

The complaint only alleges that Defendant Jeanette Cown, the grievance supervisor, denied Plaintiff's grievance. (Doc. 1, p. 3 ¶ 2). The mere denial of a grievance does not constitute a constitutional violation. Again, it is not the Court's role to fashion claims for a plaintiff. Therefore, Defendant Cowan shall be dismissed without prejudice.

### Defendant Sarah Johnson

Plaintiff only alleges that he received a letter from Defendant Sarah Johnson, a member of the Administrative Review Board, reporting that Plaintiff's disciplinary conviction had been upheld. (Doc. 1, p. 4 ¶9). Even assuming that Johnson had a role in the decision to uphold the conviction, Plaintiff has failed to state a constitutional claim against Johnson. Therefore, Defendant Johnson shall be dismissed without prejudice.

## Possible Eighth Amendment Claim(s)

Plaintiff details the conditions of his confinement in segregation and the deprivation of his medication, which are factors relevant to the due process analysis. The alleged

conditions could conceivably form the basis for one or more claims under the Eighth Amendment. Because Plaintiff has not identified any particular Defendant personally involved in theses deprivations, the Court does not construe the complaint as even asserting an Eighth Amendment claim.

**Disposition**

For the reasons stated, the Fourteenth Amendment claim against Defendant **ASHBY** shall **PROCEED**, and the claims against Defendants **NEW**, **COWAN** and **JOHNSON** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take appropriate steps in coordination with the U.S. Marshals Service, to effect formal, **PERSONAL SERVICE** of summons, the complaint and this order upon Defendant at Defendant's work address, as provided by Plaintiff. The Court will not require Defendant to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document

submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)."

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 21, 2012**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
