IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.   11-cv-918-MJR-SCW |
| MISTY NEW, JACK ASHBY, JEANETTE COWAN, and SARAH JOHNSON, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendant Jack Ashby's Motion to Vacate Clerk's Entry of Default (Doc. 42). Plaintiff opposes the motion (Doc. 45). Based on the following, the Court **GRANTS** Defendant Ashby's motion and **VACATES** the Clerk's Entry of Default (Doc. 30).

Plaintiff filed his Complaint on October 12, 2011 pursuant to 42 U.S.C. § 1983, alleging that Defendant Jack Ashby violated his due process rights by failing to produce a letter during a disciplinary hearing which supposedly supported the issuance of a disciplinary ticket against Plaintiff (Docs. 1 & 21). The claim against Defendant Ashby was the only claim in Plaintiff's Complaint to survive the Court's review under 28 U.S.C. § 1915A. The record shows that summons was issued as to Defendant Ashby on August 24, 2012 and was returned executed on November 2, 2012 indicating that the summons had been served on October 30, 2012 (Docs. 22 and 27). Defendant Ashby's responsive pleading was due on November 20, 2012 (Doc. 27). He did not file an Answer and on December 4, 2012, Plaintiff sought an entry of default from the clerk's office (Doc. 28). At the same time, Plaintiff also filed a motion for default judgment (Doc. 29). The Clerk made an entry of default against Defendant Ashby on December 4, 2012, but on December 17, 2012, this Court denied

Plaintiff's default judgment as premature and not in accords with the Court's Local Rule 55.1 (Doc. 31). The Court directed the Clerk's office to prepare and send proper notice to Defendant Ashby per Local Rule 55.1.

In Response to the Order, Defendant Ashby filed a motion to dismiss the case (Docs. 34 & 35), which Plaintiff has responded to (Doc. 36). Defendant subsequently filed the instant motion to vacate clerk's entry of default (Doc. 42). Plaintiff has filed a Response (Doc. 45).

**FEDERAL RULES OF CIVIL PROCEDURE 55(c)** provides that "[f]or good cause shown the court may set aside an entry of default…" "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, **28 F.3d 42, 45 (7th Cir. 1994);** *Cracco v. Vitran Express, Inc.*, **559 F.3d 625, 630-31 (7th Cir. 2009).** The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. *Cracco*, **559 F.3d at 631;** *United States v. Di Mucci*, **879 F.2d 1488, 1495 (7th Cir. 1989).** Default judgments are generally disfavored as a trial on the merits is preferred. *Id.* **at 631.**

Here, the Court finds that Defendant Ashby has shown good cause for the default. Defendant states that the delay in responding to the Complaint was due to the Illinois Attorney General not receiving his request for representation due to a communications issue between Defendant and his place of employment, Menard Correctional Center. Defendant indicates that while he asked for representation from the litigation coordinator at Menard, the litigation coordinator inadvertently failed to send that request to the Attorney General. Further, Defendant indicates that he has a meritorious defense to the Complaint and in fact has filed a motion to dismiss which is currently pending. While Plaintiff argues that the motion to vacate has been filed to manipulate the

Court, the Court sees no basis for that argument nor is there any evidence as to what this "manipulation" would seek to achieve. Accordingly, the Court **GRANTS** Defendant's motion to vacate (Doc. 42). The Clerk's Entry of Default (Doc. 30) is hereby **VACATED**. The motion to dismiss (Docs. 34 & 35) is still pending before the Court.

**IT IS SO ORDERED**.

DATED: February 12, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge